**In re Michelle MOORE.**

No. 06–0544.

Supreme Court of Texas.

Aug. 31, 2007.

Rehearing Denied Nov. 2, 2007.

Joseph Bonner Dorsey, Attorney At Law, Gregory T. Perkes, The Perkes Law Firm, P.C., and Melody H. Cooper, Corpus Christi, TX, for Relator.

Juan Perales, and Marisa Perales, Law Offices of Juan Perales, Robstown, TX, for real Party In Interest.

PER CURIAM.

Michelle Moore and Lisa Denise Santos have been opposing parties in a series of lawsuits and original proceedings relating to custody of I.E.T., Santos's child. In all three suits, Moore, the child's alleged paternal grandmother, was awarded possession or joint conservatorship of the child at the trial court level, although those decisions were later reversed by the court of appeals. Ultimately, the court of appeals awarded custody to Santos and ordered Moore to pay Santos $47,178.50 for her attorney's fees and costs in the various proceedings as a sanction. We hold that the court of appeals abused its discretion by imposing sanctions against Moore under the facts presented, and conditionally grant the writ of mandamus.

On December 12, 2004, Santos gave birth to I.E.T. Although Santos was married to another man, she had been living with Moore's son. Santos and I.E.T. initially moved in with Moore. Ten days after I.E.T.'s birth, Moore filed a Suit Affecting Parent–Child Relationship ("SAPCR1"), in the 94th District Court of Nueces County, claiming to be I.E.T.'s paternal grandmother. The trial court issued a temporary restraining order preventing Santos from removing I.E.T. from Moore's possession and on January 18, 2005, granted temporary custody of I.E.T. to Moore. Approximately two and a half months after her birth, I.E.T. was diagnosed with a disorder that required her to

be fed through a nasogastric tube and necessitated a complex medical regime, which Moore was trained to administer.

On May 26, 2005, Santos filed a petition for writ of mandamus in the court of appeals, alleging Moore lacked standing to bring SAPCR 1. On June 16th, the court granted the writ, holding that Moore lacked standing because she was not listed in the Texas Family Code as a party who could initiate a SAPCR. The court ordered the district court to dismiss the suit for lack of jurisdiction. In its memorandum opinion, the court denied Santos's request to order a hearing in the trial court on Santos's motion for attorney's fees and sanctions, holding that Moore was entitled to a presumption of good faith and that there was no evidence of bad faith or harassment. Despite the ruling, Moore refused to give up possession of I.E.T.

The next day, Santos filed suit ("Santos's suit"), requesting that the 214th District Court of Nueces County grant a writ of habeas corpus for possession of I.E.T. Three days later, Moore filed suit in the 319th District Court ("SAPCR2"), alleging standing under the Texas Family Code as a person in possession of the child for at least six months, a different basis than in SAPCR1. In Santos's suit, the trial court denied Santos habeas corpus relief and issued an interim order transferring the proceedings to the 319th District Court, while in SAPCR2, the trial court issued a temporary restraining order preventing Santos from removing I.E.T. from Moore's possession.

On July 8, 2005, Santos again filed a petition for writ of mandamus in the court of appeals, this time with regard to the orders issued in SAPCR2. A little more than a month later, Santos filed another petition for writ of mandamus in the court of appeals challenging the orders issued in Santos's suit. On August 29, 2005, the court of appeals granted both writs and ordered both trial courts to vacate their orders. The court dismissed SAPCR2 for lack of jurisdiction and granted the writ of habeas corpus in Santos's suit, giving possession of I.E.T. to Santos. Moore surrendered custody.

The court of appeals also ordered Moore to pay Santos's court costs and attorney's fees incurred in SAPCR1, Santos's suit, and SAPCR2. The court noted:

> [G]iven that relator's expenses in having to retain counsel and file pleadings in multiple courts have been solely caused by Moore's intransigence and disregard for the previous judgment of this Court, we order that Moore pay all of relator's court costs and attorneys fees incurred for Cause Nos. 04–07301–C, 05–03094–G and 05–3089–F.

The court cited Texas Rule of Appellate Procedure 43.6 in support of its ruling.

On September 1, 2005, Moore filed a petition for writ of mandamus in this Court requesting that we vacate all of the orders entered by the court of appeals. We denied the petition without issuing an opinion. On May 4, 2006, Santos filed in the court of appeals a Motion Requesting Order for Payment of Attorney Fees as Sanctions against the Real Party in Interest. The court granted the motion on June 22, 2006, issuing an order for Moore to pay Santos $47,178.50 for her attorney's fees and costs at both the trial and appellate level. In response, Moore filed this petition requesting that we order the court of appeals to withdraw its sanctions order and award.

Moore argues that neither Texas Rule of Appellate Procedure 43.6 nor any statute authorizes the imposition of sanctions by a court of appeals. Moore further contends that only trial courts have the inherent authority to issue sanctions in the form of

attorney's fees, arguing that courts of appeals lack that inherent authority due to their limited original jurisdiction. Santos contends the sanctions order was issued under the court of appeals' inherent authority, with further authority found in Rule 43.6. In addition, Santos argues that there is no indication that the court of appeals imposed the order as a sanction.

We disagree with the latter contention. The order awarding the fees and costs specifically granted Santos's motion requesting their payment as a sanction. Moreover, the language in the court of appeals' opinion leaves no doubt that the court imposed the fees and costs to penalize Moore for filing SAPCR2 after it had found that she lacked standing in SAPCR1. Assuming without deciding that the court of appeals had the authority to issue the sanctions order, we conclude the court nonetheless abused its discretion in doing so. In imposing the sanctions, the court failed to acknowledge that Moore, by having constant physical custody of I.E.T. for six months, alleged standing on a different ground in SAPCR2. Thus, Moore did not act inconsistently with the court of appeals' standing ruling in SAPCR1 in filing SAPCR2. Moreover, the court of appeals' characterization of Moore's conduct as "intransigence" is unfounded given that she at all times subjected herself and I.E.T. to the jurisdiction of the trial courts, sought their decisions, and followed their rulings. The trial courts declined to remove I.E.T. from Moore's custody. Accordingly, there is no basis for the court of appeals' imposition of sanctions on the record before us.

Without hearing oral argument, we hold that the court of appeals abused its discretion in issuing sanctions against Moore, and conditionally grant the writ of mandamus. TEX. R. APP. P. 52.8. The writ will issue only if the court of appeals fails to vacate its orders of August 29, 2005 and June 22, 2006 regarding Santos's court costs and attorney's fees.